AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **DAVID GLAVIN** | **Case Number: 1: 04 CR 10093  - 001 - MLW** |

Syrie Fried, Esq.
Defendant's Attorney

☐

## THE DEFENDANT:

☒ pleaded guilty to count(s): 1
☐ pleaded nolo contendere to counts(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 2113(a) | Bank Robbery | 12/02/03 | 1 |

☐ See continuation page

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

02/04/05

Defendant's Soc. Sec. No.: XX-XXX-0657

Date of Imposition of Judgment

Defendant's Date of Birth: XX/XX/1975

Signature of Judicial Officer

Defendant's USM No.: 25092-038

The Honorable Mark L. Wolf
Name and Title of Judicial Officer

Defendant's Residence Address:

86 Mercer Street, #784
South Boston, MA 02127

Judge, U.S. District Court

Date

Feb. 25, 2005

Defendant's Mailing Address:

Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: **1: 04 CR 10093 - 001 - MLW**                    Judgment - Page  2  of  7
DEFENDANT:
                    **DAVID GLAVIN**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of      86    month(s)

[x]  The court makes the following recommendations to the Bureau of Prisons:

That the defendant participate in the BOP's 500 hour drug treatment program.

[x]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district:
    [ ]  at _____ on _____
    [ ]  as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ]  before _____ on _____
    [ ]  as notified by the United States Marshal.
    [ ]  as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
Deputy U.S. Marshal

AO 245B  Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER: 1: 04 CR 10093 - 001 - MLW                    Judgment - Page  3  of  7
DEFENDANT:

## DAVID GLAVIN
## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of       36    month(s)

[X] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1: 04 CR 10093  - 001 - MLW
DEFENDANT:                                                                    Judgment - Page   4 of   7
                                    DAVID GLAVIN

### Continuation of Conditions of [x] Supervised Release ☐ Probation

The defendant is prohibited from possessing a firearm or other dangerous weapon.

The defendant shall pay restitution in the amount of $620.00 if it has not already been paid according to a court ordered repayment schedule.

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The defendant is to provide the probation officer access to any requested financial information.

The defendant is to participate in a program for substance abuse as directed by the United States Probation Office, which program may include testing, up to 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or the availability of third party payment.

The defendant is to participate in a mental health program as directed by the United States Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or the availability of third party payment.

The defendant shall use his true name and is prohibited from the use of any aliases, false name, false social security numbers, false dates of birth, false places of birth or any other false identification information.

The defendant is to cooperate in the collection of a DNA sample as directed by the Probation Officer

AO 245B    Judgment in a Criminal Case - D. Massachusetts (10/01)
　　　Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 5 of 7

CASE NUMBER: **1: 04 CR 10093 - 001 - MLW**
DEFENDANT:　　　　　**DAVID GLAVIN**
## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 |  | $620.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Sovereign Bank | $620.00 | $620.00 |  |

☐ See Continuation Page

| **TOTALS** | $620.00 | $620.00 |  |

☒ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
         Sheet 5, Part B — Criminal Monetary Penalties

CASE NUMBER: **1: 04 CR 10093  - 001 - MLW**          Judgment - Page  6  of  7
DEFENDANT:            **DAVID GLAVIN**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

**B** ☒ Payment to begin immediately (may be combined with C, D, or E below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Case Number, Defendant Name, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.                    ☐ See Continuation Page

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# ACCOUNT ESTABLISHMENT FORM

**1:  04  CR  10093   - 001 - MLW**

**DAVID GLAVIN**

| Name of Payee | Address | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|---|
| Sovereign Bank | 2 Morrissey Boulevard Boston, MA 02125 | $620.00 | $620.00 | |

ACCOUNT ESTABLISHMENT FORM

ACCOUNT ESTABLISHMENT FORM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )  CR 04-10093
                                      )  Boston, MA
v.                                 )  February 4, 2005
                                      )  EXCERPT
DAVID GLAVIN                     )


BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE
SENTENCING HEARING


APPEARANCES:

United States Attorney
by DONALD CABELL, AUSA
One Courthouse Way, Boston, MA 02210
for Government

Federal Defender Office
by SYRIE FRIED, ATTY.,
for Defendant


JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10~Room 5200
Boston, MA 02210
(617)946-2577

ORIGINAL

1          THE COURT:   For the reasons I'm going to

2     describe in some detail, I am going to impose an 86-month

3     sentence on Mr. Glavin.   I think that at least prior to

4     the amendment to the Guidelines that limited downward

5     departures based on criminal history overstating the risk

6     of future crimes, this would have been a justified

7     departure if the Guidelines were binding for the reasons

8     I'll describe.   However, given the fact that the

9     Guidelines are advisory but that I'm still required to

10    consider them and vary from them only based on the 3553A

11    factors, I believe this sentence is both permissible and

12    most appropriate, most reasonable in the circumstances.

13          The defendant starts with Guidelines 151 to 188

14    months because he's a career offender although, as I'll

15    discuss shortly, the convictions that put him in career

16    offender status are not in the heartland of career

17    offender crimes.   Legally, he's a career offender but, as

18    a practical matter, he's not committed the kind of

19    intentional deliberate dangerous crimes of drug dealing

20    or violence that characterize career offenders typically.

21          A judge even under the Guidelines can depart

22    from career offender status, as the First Circuit said in

23    Lyndia (sic), among other cases, 82 F 2nd 1154 at 1165.

24          If the defendant was not a career offender his

25    Guidelines would be -- he would be -- he would have a

1    total offense level of 21, criminal history category of

2    6, his Guideline range would be 77 to 96 months.

3          As I said earlier, under section 5H1.12, lack of

4    guidance as a youth was a prohibited ground for

5    departure, and I expect that's because it could be

6    abused.  So many people who appear in federal court for

7    sentencing have had disadvantaged childhoods.  Now this

8    can be considered.  But as the prosecutor, Mr. Cabell,

9    commendably acknowledged, as Ms. Fried said, and as I

10   agree, even in the universe of defendants who often had

11   disadvantaged upbringings, this defendant stands out as

12   having had a particularly miserable set of circumstances,

13   although he accepts them as his lot and, I guess, views

14   them as normal.

15         But to speak shorthand, the record reflects that

16   he was born when his mother was 14.  She was a drug

17   addict.  She began giving him heroin, injecting him with

18   heroin when he was 11.  He's had a steady history from

19   about that time of committing crimes.  It appears,

20   however, that a number of those crimes were committed not

21   only to support his own habit but to get drugs for his

22   mother when she was dying from AIDS and for her

23   boyfriend, a male prostitute, who was also dying and

24   eventually died of AIDS.

25         It is not an exaggeration on defense counsel's

1    part to characterize this as McKenzie, the tale of

2    Charles Dickens.  However, as I said earlier, if I were

3    persuaded or believed that Mr. Glavin was incorrigible,

4    that he could not be improved, and would certainly be

5    dangerous if he served less than the 151 months that the

6    government initially recommended, I would not depart or

7    vary because of his disadvantaged upbringing.  I do think

8    that my paramount responsibility is to protect society

9    from danger.

10           However, under the Guidelines, it is permissible

11    to depart or vary under section 4A1.3B1 if the criminal

12    history category substantially overrepresents the

13    likelihood the defendant will commit other crimes.

14           The relatively recently enacted section B3

15    limited that departure to one criminal history level.

16    Historically, we had more authority to find a criminal

17    history level that better corresponded with the

18    defendant's actual threat for the future.  Now this

19    Guideline, among others, is advisory.

20           In this case, the defendant has a long and

21    consistent criminal record but, as I said earlier, the

22    offenses that made him a career criminal, the assault and

23    battery when he was under the influence of drugs, and

24    trying to escape arrest ran into a police car, and

25    walking away from a halfway house, or not appearing for a

38

1   count are not in the heartland of offenses that the

2   Sentencing Commission had in mind, I find, when it

3   thought of contrary offenders.  He has one conviction for

4   selling drugs.

5        But the offenses that he has consistently

6   committed since he was really a boy are the kinds of

7   offenses that are typically associated with addicts who

8   feel the need to feed a drug habit.  He has no history of

9   bank robbery.  This one, as the government recognizes was

10  a particularly inept effort.  The defendant was on drugs.

11  He didn't actually have a gun.  He was caught a very

12  short time after he robbed the bank, standing at a major

13  train station, counting a wad of cash.

14       Every bank robbery is serious.  It puts people

15  in fear.  It creates risks that even if the robber

16  doesn't have a gun, people will start shooting, and

17  innocent people will be hurt.  But I don't find that the

18  defendant is a danger of robbing banks in the future if

19  he gets the kind of treatment I'm going to require to the

20  maximum extent possible.

21       The defendant has done some short stretches,

22  sometimes a day, sometimes a number of months, in various

23  county jails.  He's never done time in a state prison

24  system, nor has he had any serious in-patient drug

25  treatment ever.

1          I find that if he serves the seven years to

2      which I've sentenced him to prison and gets, as I

3      recommend, the 500-hour drug program in prison and gets

4      serious drug treatment and mental health counseling while

5      he's on supervised release, he will be much less of a

6      risk of danger than the typical person with Guidelines

7      and an offense level of 29 and a criminal history

8      category of 6.

9          Section 3553A states that the sentence imposed

10     should be sufficient but not greater than necessary to

11     comply with the purposes in section A2 of that statute.

12         I have considered the need for the sentence

13     imposed to protect the public from further crimes of the

14     defendant.  I actually think that if he does these seven

15     years and gets drug treatment in prison, gets a sense of

16     hope that I haven't written him off as hopeless, and gets

17     some serious drug treatment and mental health counseling,

18     when he gets out, he actually has a good chance to be

19     less dangerous than he would be if he just sits in prison

20     for 15 years, comes out hopeless and hardened.

21         I do think that the seven years will reflect the

22     serious nature of this bank robbery offense.  It should

23     because it's a significant sentence send a message to

24     this defendant and to other people that if you rob a

25     bank, you can end up not in the Boston Municipal court

1    but in the United States District Court, and you're not

2    going home anytime soon.

3          But I do think this sentence is also appropriate

4    to provide the defendant with the correctional treatment

5    he needs in the most effective manner which, if it is, as

6    I hope, expect, effective, will protect the public from

7    further crimes.

8          As I said, I think it's important to send a

9    balanced message to the defendant that he's committed a

10   serious crime, he's committed other crimes, and society

11   has to be protected from him now, but he's not

12   necessarily in the long run hopeless and, if he serves

13   this time, if he takes advantage of the drug treatment

14   he'll get in prison and the drug treatment and mental

15   health counseling he gets when he's released, there's a

16   chance that he can have a much happier future than he's

17   had in the past.

18         I think that the mental health treatment that he

19   will get on supervised release, psychotherapy, perhaps,

20   that he will get on supervised release is more likely to

21   be effective if he gets it six or seven years from now

22   rather than 12 or 13 years from now.

23         I'll also say in the interest of completeness

24   that while on one level this creates disparity between

25   this defendant and other bank robbers prosecuted in

1    federal court, there are two things that persuade me that

2    it is not unwarranted disparity.

3           First, there's all the factors I've just

4    described, including, particularly, the fact that Mr.

5    Glavin is significantly less dangerous going forward than

6    the typical career offender who's committed a bank

7    robbery.

8           Second, as I said earlier, arguably, this

9    sentence of seven years without the possibility of parole

10   would diminish rather than increase unwarranted

11   disparity.

12          The charge in this case is bank robbery.  But

13   the heart of this case is drug addiction.  The defendant

14   committed this crime, like he committed so many other

15   crimes, because of his drug addiction.  He's never

16   received a state prison sentence.  He's been given a

17   series of jail sentences.  They were not enough to deter

18   him from committing more crimes.  They did not provide

19   him with any drug treatment.  But there are -- I think I

20   can take judicial notice -- innumerable drug addicts out

21   on the street or in the state jails with similar records

22   who get short state sentences.  The defendant is in

23   federal court because he robbed $620 from a bank and was

24   quickly caught.  He could have been prosecuted in the

25   state.  I infer that he was prosecuted in federal court

1    because the goal was to get a much longer sentence than

2    the state would have provided.  I note that he was not

3    arrested as a result of an investigation by the FBI's

4    bank robbery task force.  He was arrested by Boston

5    Police that have historically brought their cases to

6    state court.

7         I don't by saying this intend to criticize the

8    federal prosecutors for bringing this case in federal

9    court, but I do mean to say that every time one person is

10   brought to federal court and other people similarly

11   situated are left in state court, there's a kind of

12   disparity generated that our system hasn't up to this

13   point recently recognized.

14        So, in all the circumstances I just described, I

15   regard 77 months -- I'm sorry, I regard 86 months --

16   misspoke -- as the sentence that is both legally

17   permissible and most reasonable.

18        Mr. Glavin, please stand.

19        In connection with the one count to which you've

20   pled guilty, I hereby sentence you to serve 86 months in

21   the custody of the Attorney General of the United States.

22   I strongly recommend that you participate in the 500-hour

23   drug program while you're in prison.  When you finish

24   your sentence, you'll be on supervised release for 36

25   months on the standard conditions and on the additional

1    conditions that you not prohibit -- that you not possess

2    a firearm -- firearm or other dangerous weapon, that you

3    pay $620 in restitution if it's not already been paid,

4    that you not incur any new credit charges or open any

5    additional lines of credit without the approval of the

6    Probation officer, that you provide the Probation officer

7    access to any requested financial information which can

8    be shared with the US Attorney's office, that you

9    participate in a program for substance abuse treatment as

10   directed by the Probation office, which program may

11   include up to 104 drug tests per year to determine

12   whether you've used alcohol or drugs and, if you have

13   money or insurance, that you contribute to the payment,

14   that you not consume any alcoholic beverages, that you

15   use your true name and other identifiers at all times,

16   and that you also participate in any mental health

17   treatment program prescribed by Probation, and that you

18   provide your DNA.

19         You have to pay a $100 special assessment.

20         You also have a right to appeal this sentence

21   within ten days of the entry of judgment.  If you would

22   like to do that but cannot afford a lawyer, one will be

23   appointed again to represent you at public expense.

24         You've heard me say most of the things that make

25   the 86 months the most appropriate sentence, but let me

1    focus some of this a little bit.

2         First, you committed a very serious crime.  You

3    robbed a bank.  And you didn't really have a gun but, as

4    you know, because you've expressed it to me, that's very

5    scary to people and creates the risk that people will be

6    seriously injured.  One of the risks it created is that

7    you could have got killed.  You did that while you were

8    on drugs, which increases the potential for things to get

9    out of control.  But you also just got a serious

10   sentence.  You're not going to jail for a couple of

11   months.  You're going to federal prison.  There's no

12   parole.  You can get a small amount of time off if you

13   behave.  But you're going to have a lot of time to think.

14   You're going to have time to think about whether you're

15   going to participate seriously in this drug program,

16   which is going to give you the best chance you've ever

17   had to break a cycle that is leading you towards

18   destruction.

19        If you don't beat this drug habit, you're either

20   going to die from a drug overdose, you're going to die

21   from AIDS, or you're going to spend the rest of your life

22   in prison, because you're now on the federal radar

23   screen.

24        On the other hand, the fact that you've been

25   brought to federal court, that you've been so

1    energetically and effectively represented by Ms. Fried,

2    the fact that you've been prosecuted by somebody who

3    certainly has been energetic in presenting the

4    government's preferred position but, also, has recognized

5    the human complexity of this means that the misfortune

6    that brought you here could actually turn out to be the

7    first good break you've ever got in your life.

8            I'm impressed that you don't even seem to fully

9    realize how hard a hand you were dealt from day 1.  It's

10   just been your life.  You accept it.  And I've read these

11   psychological tests.  I don't mean to insult you, but

12   you're not the smartest guy in the world.  But I think,

13   because you really wrote me a beautiful letter -- and

14   only you could have written that letter -- you're not

15   hopeless.  And you're going to be punished in a serious

16   way but, through this sentence, you're also going to be

17   provided an opportunity.  You're going to get some drug

18   treatment in prison, and you're going to have a partner

19   in the Probation office when you get out.  You're not

20   going to be in this alone.  And if you use the next six

21   or seven years to really commit yourself to doing your

22   best, to be straight when you get out, there will be

23   people to help you, really, for the first time.  And I

24   hope you succeed.  It will be the first decent chance

25   you've had to succeed.

1      If you don't, you're going to be on supervised

2   release for three years.  If I'm still here, you can be

3   brought back in front of me.  If not, you'll be brought

4   back in front of some other judge.  That judge can lock

5   you up or I can lock you up for three more years in this

6   case.  And then if you use drugs again or rob a bank

7   again, you'll be prosecuted for that and, no matter how

8   unfortunate your past, I think I or some other judge are

9   going to say, you had your chance, you blew it.

10      But I really hope that you don't blow it.  And I

11   don't think you have to.  It's going to be hard, but

12   you're going to have help.

13      You may be seated.

14      Is there anything further in this matter for

15   today?

16      MR. CABELL:   No, your Honor.

17      MS. FRIED:   Nothing further, your Honor.

18      THE COURT:  All right, court is in recess.

19

20

21

22

23

24

25

CERTIFICATE


I, JUDITH A. TWOMEY, RPR, Official Court

Reporter for the United States District Court, District

of Massachusetts, do hereby certify that the foregoing

EXCERPT was taken by me stenographically and thereafter

by me reduced to transcription and is a true record of

the proceedings in the above-entitled matter to the best

of my ability.


JUDITH A. TWOMEY, RPR
Official Court Reporter